ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT
 I. INTRODUCTION
This matter comes before the court on the second motion of Plaintiff (taxpayer) for partial summary judgment. Defendant (the department) has not shown there to be any question of material fact existing. Therefore the question is whether taxpayer is entitled to prevail as a matter of law.
 II. FACTS
The record establishes the following facts. Taxpayer filed its corporate excise tax returns for the tax years 2002, 2003 and 2004 before February 1 of 2003, 2004 and 2005, respectively.
At the time of the filing of the returns, no rule of the department existed with respect to the treatment, for corporate excise tax purposes, of electricity as tangible personal property, the siting of the sale of electricity or the treatment of so-called "book-out" transactions.
On its Oregon returns, taxpayer did not treat any sale of electricity as involving a sale of tangible personal property. *Page 2 
In 2007 the department purported to adopt rules specifying that, for corporate excise tax purposes, the sale of electricity was a sale of tangible personal property, sales would be sited to the place of delivery and for the treatment of book-out transactions (the 2007 rules).
On December 1, 2010, the department repealed the 2007 rules because of its view that the adoption process for the 2007 rules was defective. As of the same date the department purported to adopt the substantive provisions of the 2007 rules as temporary rules. Certain provisions were adopted as new provisions and some were adopted as amendments.
On December 17, 2010, this court ruled that the 2007 rules were invalid for the reason that the adoption process had failed to comply with governing procedural law. See Powerex Corp.,v. Dept. of Rev., ___OTR ____ (Dec 17, 2010) and Oregon CableTelecommunications Association v. Department of Revenue,237 Or App 628, 240 P3d 1122 (2010) upon which the decision of this court was based.
On March 12, 2011, the department purported to adopt the language from the 2007 rules, stating that it was "repromulgating" the rules.
As of both December 1, 2010 and March 12, 2011, the statute of limitations on assessment of deficiencies as to the 2002, 2003 and 2004 tax years of taxpayer had expired.
 III. ISSUE
The issue is whether rules of the department promulgated in 2010 or 2011 may be applied to tax years or periods 2002, 2003 and 2004. *Page 3 
 IV. ANALYSIS
A rule promulgated by the department, OAR 150-305.100-(B) provides that rules of the department may apply retroactively, but they will only apply to "periods open to examination."[1] Notwithstanding arguments of the department otherwise, it is clear to the court that a "period" is a tax year or period of time. See
ORS 314.085.[2]
The department argues that the litigation of a notice of deficiency amounts to a continuing examination of a tax period. However, it is clear that the "examination" referenced in OAR 150-305.100-(B) is a process undertaken by the department, not this court. Thus, ORS 305.265 requires the department to "examine" a return or report as soon as practicable. ORS 305.265(2). Although under ORS 305.575 this court has jurisdiction to determine the correct amount of a deficiency and may do so on new grounds asserted by the department in some cases, that statute does not alter the fact that the department has bound itself to apply changes to its rules only to periods open to examination by the department. Nor does ORS 305.575 make the process in this court an "examination" of a return.
The foregoing conclusion is consistent with actions of the Oregon legislature in making law with retrospective effect. The case ofARCO v. Department of Revenue,327 Or 144, 958 P2d 840 (1998) involved a tax statute that the court found to be retroactively effective, and without constitutional problem. There the legislature had expressed intent to produce *Page 4 
retrospective effect by making the statutory change applicable to transactions "open to audit, or with respect to which an appeal is pending, on the effective date of this Act." See Or Laws 1993, ch 726, § 55. OAR 150-305.100-(B), by comparison, contains only language referring to examination. No mention of appeal is made. The court cannot conclude that the rule can be read as broadly as the department argues.
The department's final argument is that the rules it seeks to apply were not adopted in 2010 or 2011, but rather were adopted in 2007. From this premise the department argues that at least one of the years at issue, the 2004 year, was still open to examination when the provisions were adopted.
The problem with the department's premise is that its 2007 actions had been cancelled, either by the action of the department in repealing the 2007 rules or by action of this court in its ruling of December 17, 2010, or both. Whether it was the action of the department in withdrawing the rule or the action of this court in declaring the rule to be invalidly adopted, the fact is that there was no rule in place until the proper adoption action took place in 2011, or potentially in 2010 at the time of the adoption of the temporary rule. By the earliest of those times, all years at issue in this case were closed to further examination. Accordingly, consistent with the provisions of OAR 150-305.100-(B), by which the department has bound itself, neither *Page 5 
the 2010 temporary rule nor the final rule adopted in 2011 can be applied to the tax years of taxpayer at issue in this case.[3]
Now, therefore,
IT IS ORDERED that Plaintiff's Second Motion for Partial Summary Judgment is granted.
Dated this ___ day of August, 2011.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON AUGUST 24, 2011, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] All references to the Oregon Administrative Rules (OAR) are to 2009; The rule provides:
"150-305.100-(B)
"Applicable Dates
"Administrative rules adopted by the department, unless specified otherwise by statute or by rule, shall be applicable for all periods open to examination."
[2] All references to the Oregon Revised Statutes (ORS) are to 2009.
[3] The court dismisses out of hand the argument made by the department that the provisions of OAR 150-305.100-(B) do not apply to rules that are amendments to existing rules but only apply to stand alone new rules. *Page 1